UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLYN P. RAIMO & ANTHONY J. RAIMO<br>    Plaintiffs, | CIVIL ACTION<br><br>JURY TRIAL CLAIMED |
| v. | |
| CREDIT CONTROL, LLC<br>    Defendant | FEBRUARY 10, 2011 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by husband and wife consumers who have been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, for pendent Connecticut law violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and intentional infliction of emotional distress, and Plaintiff Carolyn P. Raimo also brings a claim against the defendant for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. PARTIES

2. Plaintiff Carolyn P. Raimo is a natural person residing in Waterbury, CT.

3. Plaintiff Anthony J. Raimon is a natural person residing in Waterbury, CT and is the husband of Carolyn P. Raimo.

4. Defendant Credit Control, LLC ("Credit Control") is a Missouri corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Credit Control because it engages in debt collection activities within Connecticut.

7. Venue in this Court is proper, as Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Credit Control was assigned an account for a consumer debt that was claimed against Anthony Raimo.

9. The creditor did not claim that the debt was owed by Carolyn Raimo.

10. On or around November 11, 2010, a Credit Control representative called Plaintiffs' home and spoke with Carolyn Raimo and told her that she was liable on the account and that Credit Control was going to place a judgment lien on Plaintiffs' home.

11. On or around that same day, Carolyn Raimo called Credit Control on her cell phone and obtained address information for them; Credit Control subsequently called her back on her cell phone number without her permission.

12. On or around December 17, 2010, a Credit Control representative called Plaintiff's home and spoke with Carolyn Raimo regarding the Debt and demanded that

Plaintiffs pay the Debt and that Credit Control would obtain a judgment against Plaintiffs if Credit Control did not hear back from them by 5 P.M. that same day.

13. Credit Control never sent Plaintiffs any letters regarding the Debt and has not obtained any judgments or placed any liens regarding the Debt.

14. Credit Control violated the FDCPA, CUTPA, the TCPA, and it committed intentional infliction of emotional distress.

WHEREFORE, the Plaintiffs seek recovery of actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; damages under 47 U.S.C. 227(b)(3); and such other relief as this Court deems appropriate.

**PLAINTIFFS, CAROLYN P. RAIMO & ANTHONY J. RAIMO**

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457